# Exhibit A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04589-S2**
**8/12/2022 5:03 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Ola Pelaez C/O 1720
Peachtree st. NW, Suite 500
Atlanta, GA 30309

**PLAINTIFF**

CIVIL ACTION
NUMBER:_____    22-C-04589-S2

VS.

MB Real Estate Services Inc.
C/O Corporation Service Company
2 Suncourt, Suite 400
Peachtree Corners, GA 30092

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jeffrey G. James Esq.
The Fry Law Firm
1720 Peachtree Street, NW, Ste 500
Atlanta GA 30309
404-969-1284

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

15th day of August, 2022

TIANA P. GARNER

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
        **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04589-S2**
**8/12/2022 5:03 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

OLA PELAEZ

Plaintiff,

vs.

BEVARA, INC., MB REAL ESTATE
SERVICES, INC., JOHN DOES 1-3, AND
XYZ CORPORATION 1-3

Defendants.

CIVIL ACTION FILE
NO. 22-C-04589-S2
_____

(SERVED WITH DISCOVERY)

JURY TRIAL DEMANDED

## **COMPLAINT**:

**COMES NOW**, Plaintiff Ola Pelaez, by and through undersigned counsel, and files this

Complaint against Defendants Bevara, Inc., MB Real Estate Services, Inc, John Does 1-3, and

XYZ Corporations 1-3, showing this Honorable Court as follows:

1.

The subject incident occurred at 1800 10th Avenue, Columbus, Georgia 31901, hereinafter

referred to as "the Property".

2.

Defendant Bevara, Inc. is a foreign corporation existing under the laws of Delaware with

its principal place of business in Wisconsin and may be served through its registered agent, Incorp

Services, Inc. at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30050, and is subject to the

jurisdiction of this court. Jurisdiction and venue are appropriate in this Court as to Defendant

Bevara, Inc.

3.

Defendant MB Real Estate Services Inc. is a foreign corporation existing under the laws of

Delaware with its principal place of business in Illinois and may be served through its registered

agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092,

and is subject to the jurisdiction of this court. Jurisdiction and venue are appropriate in this Court as to Defendant MB Real Estate Services Inc.

4.

Should it be determined that another corporation, entity, or individual owned or was responsible for the premises involved in the September 1, 2020, incident resulting in injuries to Plaintiff at the time of said incident and/or owned, occupied, or otherwise had responsibility for the property located at 1800 10th Avenue, Columbus, Georgia 31901, where the September 1, 2020 incident occurred, Plaintiff hereby names Defendant XYZ CORPORATIONS 1-3 and Defendant JOHN DOES 1-3.

5.

On or about September 1, 2020, Plaintiff was a licensee of the Property.

6.

On this date, Plaintiff was properly crossing onto the sidewalk located on the Property. As Plaintiff traversed toward the aforementioned sidewalk, Plaintiff unexpectedly tripped on the defective sidewalk that was unmarked as hazard. Upon tripping, Plaintiff fell forward causing injuries as a result.

7.

Plaintiff sustained serious physical injuries as a result of the subject incident and due to the negligence of the Defendant(s).

8.

At all times mentioned herein, Defendants owned, operated, possessed, controlled and/or managed the property located at 1800 10th Avenue, Columbus, Georgia 31901. All Defendants are jointly and severally liable to Plaintiff.

9.

At all times relevant, Defendant(s) owed Plaintiff a duty to exercise ordinary care in keeping the premises and common areas of the Property safe from dangerous conditions, and in proper maintenance and repair.

10.

There were no warnings in the area of the defective sidewalk at the time of the fall.

11.

Defendant had exclusive ownership, possession and control over the sidewalk located at 1800 10th Avenue, Columbus, Georgia 31901, at all times relevant to this litigation.

12.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

13.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazardous condition, in failing to take adequate measures to protect invitees from the hazard and in failing to keep the premises safe for invitees.

14.

Defendant knew or should have known that the defective sidewalk posed a danger to invitees on the premises and should have changed, altered, removed, or warned invitees about defective sidewalk to avoid on the premises.

15.

Plaintiff did not know and could not reasonably have learned of the danger posed by the defective sidewalk.

16.

Defendant's negligence was the proximate cause of plaintiff's injuries.

17.

As a direct and proximate result of Defendant(s)'s negligence, Plaintiff has incurred special damages which include, but may not be limited to, medical expenses, mileage, and other

miscellaneous expenses.   Specifically, Plaintiff has incurred approximately $12,315.29 in medical expenses to date.

18.

As a direct and proximate result of Defendant(s)'s negligence, Plaintiff suffered general damages, including pain and suffering, loss of enjoyment of life, and scarring.

**WHEREFORE,** Plaintiff prays that this Court award the following relief against Defendant(s):

(A)   That process be issued;

(B)   That reasonable damages be granted to Plaintiff and against Defendant(s) for past, present and future general and special damages;

(C)   That all costs of this action be cast against Defendant(s);

(D)   That Plaintiff be awarded reasonably attorney's fees and expenses of litigation; and

(E)   Such further relief as the Court deems just and proper.

Respectfully submitted this 12th day of August, 2022.

**THE FRY LAW FIRM**

*/s/ Jeffrey G. James*
JEFFREY G. JAMES
State Bar of Georgia No.: 860891
*GULLIANA GOEHRING*
*State Bar of Georgia No.: 384447*
*Attorneys for Plaintiff*

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
gulliana@thefrylawfirm.com
gulliana@thefrylawfirm.com
jeff@thefrylawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04589-S2**
**8/12/2022 5:03 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| OLA PELAEZ | CIVIL ACTION FILE NO. _____ |
| Plaintiff, | 22-C-04589-S2 |
| vs. | |
| BEVARA, INC., MB REAL ESTATE SERVICES, INC., JOHN DOES 1-3, AND XYZ CORPORATION 1-3 | |
| Defendants. | |

### RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant Bevara, Inc. and Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to MB Real Estate Services, Inc. Company to be personally served on the following parties with the Summons and Complaint:

| | |
|---|---|
| **Bevara, Inc.** | **MB Real Estate Services, Inc.,** |
| *Defendant* | *Defendant* |
| c/o Incorp Services, Inc., registered agent | c/o Corporation Service Company, |
| 9040 Roswell Road, | registered agent |
| Suite 500, | 2 Sun Court, |
| Atlanta, Georgia 30050 | Suite 400, |
| | Peachtree Corners, Georgia 30092 |

Respectfully submitted this 12th day of August, 2022.

**THE FRY LAW FIRM**

*/s/ Jeffrey G. James*

JEFFREY G. JAMES
State Bar of Georgia #860891
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
*Attorneys for Plaintiffs*

1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| OLA PELAEZ | |
| | CIVIL ACTION FILE |
| Plaintiff, | NO. _____ |
| | (SERVED WITH DISCOVERY) |
| vs. | |
| | |
| BEVARA, INC., MB REAL ESTATE | |
| SERVICES, INC., JOHN DOES 1-3, AND | |
| XYZ CORPORATION 1-3 | |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING**
**INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT MB REAL ESTATE SERVICES INC.**

**I. INTRODUCTION**

Pursuant to O.C.G.A. § 9-11-36, you are requested to admit or object in writing to the following Requests for Admissions. If objected to, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and when good faith requires that a party qualify his answer or deny only a part of the of which an admission is requested, he shall specific so much if it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by them is insufficient to enable him to admit or deny.

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Gulliana Goehring and Jeffrey G. James at The Fry Law Firm, 1720 Peachtree Street, NW, Suite 500, Atlanta, Georgia 30309, within forty-five (45) days after service.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply.  If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided.  If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. DEFINITIONS

1.      When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known.  "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now.  If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient

to identify the documents contained in the group. If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2.     When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.     When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4.     As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.     As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.     As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7.     As used herein, "identify" or "specify," when used in reference to:

    (a)     a person who is an individual, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

        (b)     in the case of a document, the title (if any), the date, author, sender,

recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)    in the case of an oral communication, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

8.    Time -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

9.    When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

### III. REQUESTS FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Gwinnett County has jurisdiction over the subject matter of this case.

5.

The State Court of Gwinnett County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Gwinnett County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On September 1, 2020, Defendant(s) owned the premises located at 1800 10th Avenue, Columbus, Georgia 31901 (the "Property").

10.

On September 1, 2020, Defendant(s) operated the Property.

11.

On September 1, 2020, Defendant(s) managed the Property.

12.

On September 1, 2020, Defendant(s) collected rent payments from tenants at the Property.

13.

On September 1, 2020, Defendant(s) were responsible for inspecting and/or maintaining the conditions at the Property.

14.

Admit that Defendant(s) hired no other company, person or business to assist with the training of its employees located at the Property.

15.

Admit that Defendant(s) had a duty to properly train its/their employees at all applicable times.

16.

Admit that Defendant(s) had a duty to properly supervise their employees at all applicable times.

17.

Admit that pursuant to the doctrine of Respondent Superior, Defendant(s) are responsible for the negligent acts of their employees at all applicable times.

18.

On September 1, 2020, Plaintiff was a licensee at the Property.

19.

On September 1, 2020, Defendant(s) had a duty to ensure the Property was safe from hazards for their licensees.

20.

On September 1, 2020, Defendant(s) breached their duty to Plaintiff to ensure the Property was safe from hazards for its licensees.

22.

On September 1, 2020, Defendant(s) had a duty to warn their licensees of any hazards on the Property.

23.

On September 1, 2020, Defendant(s) breached their duty to warn Plaintiff of any hazards

on the Property.

24.

On September 1, 2020, Defendant(s) breached their duty to warn Plaintiff of any hazard relating to the defective sidewalk at issue.

25.

On September 1, 2020, Plaintiff was injured at the Property.

26.

On September 1, 2020, Plaintiff was injured as a result of part of the defective sidewalk on the Property.

27.

On September 1, 2020, licensees of the Property, including but not limited to Plaintiff, were not given any warning that a hazardous condition existed with respect to the defective sidewalk at issue.

28.

At all applicable times, Plaintiff exercised due care for her own safety.

29.

You are aware of no evidence indicating that Plaintiff did not exercise due care for her own safety at all applicable times.

30.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

31.

You have no knowledge of the treatment received by Plaintiff for injuries sustained in this case.

32.

Page 7 of 17

You have no knowledge of the reasonable charges for treatment received by Plaintiff for injuries sustained in this incident.

## IV. INTERROGATORIES

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any information, or assisted in providing any information, in response to Plaintiff's First Interrogatories to Defendant.

2.

Identify any and all persons or companies acting or working in any management capacity at the Property on or about September 1, 2020, including, but not limited to, any property management companies and/or individuals serving in the role of property manager, assistant property manager, leasing manager, leasing specialist, or equivalent position(s).

3.

Identify in detail any contracts in which you had entered that were in effect on September 1, 2020, with any person or entity to provide property management, general management, maintenance, repair, and/or security services.

4.

Identify all other employees or agents working on the Property on or about September 1, 2020.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the common areas at the Property on or about September 1, 2020.

6.

Identify the individual(s) or entity(ies) responsible for inspecting, maintaining and/or repairing the defective sidewalk at the Property on or about September 1, 2020, and for the 12-month period prior to that date.

7.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

8.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

9.

Identify the individual or individuals known to Defendant(s) who possess or purport to possess knowledge regarding Plaintiff's claim(s) including, specifying the individual(s) who spoke to or heard from Plaintiff at any time, and/or investigated the subject incident in any way.

10.

Identify all persons Defendant(s) expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

11.

Page **9** of **17**

State in detail how Defendant(s) contend the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant(s) believe to have caused, or contributed to causing, the subject occurrence.

12.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff, or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and/or Plaintiff's resulting injuries.

13.

Identify all training that a Defendant(s)'s employees or agents received with respect to inspecting and maintaining the common areas, generally, and/or the defective sidewalk, specifically, at the Property, on or before September 1, 2020.

14.

Identify any changes in procedures, policies, practices, rules or regulations regarding, or physical aspects of, the Property, that were implemented regarding or made at the Property as a result of the September 1, 2020,incident which caused Plaintiff's injuries.

15.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant(s) may rely to satisfy part or all of any judgment which may be entered against Defendant(s) or which may be used to indemnify or reimburse Defendant(s) for any payment(s) to satisfy any such judgment(s).

16.

Identify all security or surveillance cameras located at the Property, the location of such cameras, whether such cameras were operative on September 1, 2020, and whether any camera videotaped the incident described in the Complaint.

17.

Do Defendant(s) contend any person or entity other than Defendant(s) or their employees or agents is, or may be, liable in whole or in part for the claims asserted against Defendant(s) in this lawsuit?  If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant(s)'s contention, the facts or evidence upon which said contention is based, and whether Defendant(s) has/have notified each such person or entity of said contention.

18.

Describe what steps or procedures Defendant(s) used to warn licensees such as Plaintiff of the risk of injury from using the defective sidewalk on the Property.

19.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant(s)'s Answer to the Complaint.

20.

For each paragraph of the Complaint or portion thereof denied by Defendant(s), state in detail all facts upon which Defendant(s) relied in making said denial.

21.

Identify all members of, and documents generated by, Defendant(s)'s Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant(s)'s equivalents thereto, with respect to the subject incident.

22.

Identify all claims or lawsuits that have previously been brought against Defendant(s) as a result of injuries or damages alleged to have been sustained as a result of residents or invitees allegedly injuring themselves at the Property from September 1, 2020, or that date the Property was opened if after September 1, 2020, to the present.

23.

Identify all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to September 1, 2020.

24.

Did Defendant(s), their agents, representatives, employees or anyone acting on Defendant(s)'s behalf conduct an investigation of the subject incident?  If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant(s)' behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

25.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to inspection, maintenance and/or repair of any aspect of the Property which were in effect on September 1, 2020.

26.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant(s)'s answer to the preceding interrogatory, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

27.

State when Defendant first anticipated the possibility of a claim or lawsuit being asserted or filed by Plaintiff, or otherwise on behalf of Plaintiff, arising out of the subject incident.

### 28.

Describe in detail how the incident, which is the subject of this Complaint, took place.

### 29.

Do you contend that you were not at fault for causing or failing to prevent the subject incident?

### 30.

If your response to the preceding interrogatory was in the affirmative, identify all facts in support of your contention.

### 31.

If you claim that you have not been properly served in this action, please state in detail the facts in support of said claim.

### 32.

Identify all facts and records that would support any contention that Plaintiff's injuries preexisted the subject incident or were not caused by the subject incident or that symptoms had been exaggerated or that treatment was unnecessary or charges improper.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

### 1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

### 2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the Property.

3.

Please provide originals or color copies of all photographs of the Property where the incident occurred on September 1, 2020, including, but not limited to, all photographs taken of any person, place or thing involved in the incident, and any photographs of any defective sidewalk(s) or the surrounding area.

4.

Please provide copies of any statements obtained from Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses to the incident, including, but not limited to, statements from any of your employees or agents regarding the incident.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Please produce copies of all training or safety manuals in effect at the Property at the time of the subject incident, or in effect at any time during the five (5) years prior to the incident and through the present.

8.

Please produce copies of all documents reflecting inspection, maintenance or of any common areas of the Property (including, but not limited to, the defective sidewalk(s) from March 1, 2018 through and including September 1, 2020, and reflecting any inspection,

maintenance or repair of any defective sidewalks(s) at any time in 2020.

9.

Please produce copies of all documents in your possession (including, but not limited to, pleadings and discovery responses) relating to or otherwise referencing any claim or lawsuit brought against you for personal injuries allegedly sustained at the Property.

10.

Please produce copies of all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to September 1, 2020.

11.

Please produce copies of any and all documents reflecting the employees or agents working at the Property at any time on the date of the subject incident (including, but not limited to, work schedules and time sheets).

12.

Please provide copies of any and all communications between Defendant(s) or their agents or representatives, and the Plaintiff or anyone purporting to act on her behalf.

13.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant(s) produce all information and documents produced in the above-styled action in response to any and all of Defendant(s)'s Non-Party Request for Production of Documents.

14.

For all experts Defendant(s) may or will call to testify at any trial in this matter, please produce the following:

1) Any and all reports, summaries, notes, calculations and written opinions prepared by the expert, including all drafts thereof;

2) The expert's curriculum vitae;

3) All correspondence between Defendant(s)'s attorney(s) and the expert, whether by mail, fax, email, or any other means;

4) All correspondence between the expert and any other person/agency relating to the subject matter of this lawsuit and/or the expert's work regarding the same;

5) Any and all materials provided to and/or received from the expert regarding the subject matter of this lawsuit and/or the expert's work regarding the same;

6) All timesheets, invoices, billing statements and other documentation by whatever means of the expert's charges and/or compensation for his/her work on this case;

7) Any and all retainer agreements, scope(s) of work, or similar documents relating to the expert's work regarding this case;

8) Any other documents or materials prepared by, used by, or relied upon by the expert relating to the subject matter of this lawsuit and/or the expert's work regarding the same.

15.

Please produce copies of any and all insurance policies identified by you in your responses to Plaintiff's Interrogatories.

*[signature page follows]*

Respectfully submitted, this day 12<u>th</u> of <u>August,</u> 2022.


**THE FRY LAW FIRM**

/s/ *Jeffrey G. James*

1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
jeff@thefrylawfirm.com
gulliana@*thefrylawfirm.com*

JEFFREY G. JAMES
State Bar of Georgia #860891
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
*Attorneys for Plaintiffs*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

OLA PELAEZ

                                  Plaintiff,

vs.

BEVARA, INC., MB REAL ESTATE
SERVICES, INC., JOHN DOES 1-3, AND
XYZ CORPORATION 1-3

                                 Defendants.

CIVIL ACTION FILE
NO. _____

---

### PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BEVARA, INC.

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-36, you are requested to admit or object in writing to the following Requests for Admissions. If objected to, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and when good faith requires that a party qualify his answer or deny only a part of the of which an admission is requested, he shall specific so much if it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by them is insufficient to enable him to admit or deny.

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Gulliana Goehring and Jeffrey G. James at The Fry Law Firm, 1720 Peachtree Street, NW, Suite 500, Atlanta, Georgia 30309, within forty-five (45) days after service.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. **DEFINITIONS**

1.      When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient

to identify the documents contained in the group. If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2. When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3. When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4. As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5. As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6. As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7. As used herein, "identify" or "specify," when used in reference to:

(a) a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b) in the case of a <u>document</u>, the title (if any), the date, author, sender,

recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)     in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

8.     <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

9.     When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## III. <u>REQUESTS FOR ADMISSIONS</u>

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Gwinnett County has jurisdiction over the subject matter of this case.

5.

The State Court of Gwinnett County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Gwinnett County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On September 1, 2020, Defendant(s) owned the premises located at 1800 10th Avenue, Columbus, Georgia 31901 (the "Property").

10.

On September 1, 2020, Defendant(s) operated the Property.

11.

On September 1, 2020, Defendant(s) managed the Property.

12.

On September 1, 2020, Defendant(s) collected rent payments from tenants at the Property.

13.

On September 1, 2020, Defendant(s) were responsible for inspecting and/or maintaining the conditions at the Property.

14.

Admit that Defendant(s) hired no other company, person or business to assist with the training of its employees located at the Property.

15.

Admit that Defendant(s) had a duty to properly train its/their employees at all applicable times.

16.

Admit that Defendant(s) had a duty to properly supervise their employees at all applicable times.

17.

Admit that pursuant to the doctrine of Respondent Superior, Defendant(s) are responsible for the negligent acts of their employees at all applicable times.

18.

On September 1, 2020, Plaintiff was a licensee at the Property.

19.

On September 1, 2020, Defendant(s) had a duty to ensure the Property was safe from hazards for their licensees.

20.

On September 1, 2020, Defendant(s) breached their duty to Plaintiff to ensure the Property was safe from hazards for its licensees.

22.

On September 1, 2020, Defendant(s) had a duty to warn their licensees of any hazards on the Property.

23.

On September 1, 2020, Defendant(s) breached their duty to warn Plaintiff of any hazards

on the Property.

24.

On September 1, 2020, Defendant(s) breached their duty to warn Plaintiff of any hazard relating to the defective sidewalk at issue.

25.

On September 1, 2020, Plaintiff was injured at the Property.

26.

On September 1, 2020, Plaintiff was injured as a result of part of the defective sidewalk on the Property.

27.

On September 1, 2020, licensees of the Property, including but not limited to Plaintiff, were not given any warning that a hazardous condition existed with respect to the defective sidewalk at issue.

28.

At all applicable times, Plaintiff exercised due care for her own safety.

29.

You are aware of no evidence indicating that Plaintiff did not exercise due care for her own safety at all applicable times.

30.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

31.

You have no knowledge of the treatment received by Plaintiff for injuries sustained in this case.

32.

You have no knowledge of the reasonable charges for treatment received by Plaintiff for injuries sustained in this incident.

## IV. INTERROGATORIES

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any information, or assisted in providing any information, in response to Plaintiff's First Interrogatories to Defendant.

2.

Identify any and all persons or companies acting or working in any management capacity at the Property on or about September 1, 2020, including, but not limited to, any property management companies and/or individuals serving in the role of property manager, assistant property manager, leasing manager, leasing specialist, or equivalent position(s).

3.

Identify in detail any contracts in which you had entered that were in effect on September 1, 2020, with any person or entity to provide property management, general management, maintenance, repair, and/or security services.

4.

Identify all other employees or agents working on the Property on or about September 1, 2020.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the common areas at the Property on or about September 1, 2020.

6.

Identify the individual(s) or entity(ies) responsible for inspecting, maintaining and/or repairing the defective sidewalk at the Property on or about September 1, 2020, and for the 12-month period prior to that date.

7.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

8.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

9.

Identify the individual or individuals known to Defendant(s) who possess or purport to possess knowledge regarding Plaintiff's claim(s) including, specifying the individual(s) who spoke to or heard from Plaintiff at any time, and/or investigated the subject incident in any way.

10.

Identify all persons Defendant(s) expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

11.

State in detail how Defendant(s) contend the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant(s) believe to have caused, or contributed to causing, the subject occurrence.

12.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff, or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and/or Plaintiff's resulting injuries.

13.

Identify all training that a Defendant(s)'s employees or agents received with respect to inspecting and maintaining the common areas, generally, and/or the defective sidewalk, specifically, at the Property, on or before September 1, 2020.

14.

Identify any changes in procedures, policies, practices, rules or regulations regarding, or physical aspects of, the Property, that were implemented regarding or made at the Property as a result of the September 1, 2020,incident which caused Plaintiff's injuries.

15.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant(s) may rely to satisfy part or all of any judgment which may be entered against Defendant(s) or which may be used to indemnify or reimburse Defendant(s) for any payment(s) to satisfy any such judgment(s).

16.

Identify all security or surveillance cameras located at the Property, the location of such cameras, whether such cameras were operative on September 1, 2020, and whether any camera videotaped the incident described in the Complaint.

17.

Do Defendant(s) contend any person or entity other than Defendant(s) or their employees or agents is, or may be, liable in whole or in part for the claims asserted against Defendant(s) in this lawsuit?  If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant(s)'s contention, the facts or evidence upon which said contention is based, and whether Defendant(s) has/have notified each such person or entity of said contention.

18.

Describe what steps or procedures Defendant(s) used to warn licensees such as Plaintiff of the risk of injury from using the defective sidewalk on the Property.

19.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant(s)'s Answer to the Complaint.

20.

For each paragraph of the Complaint or portion thereof denied by Defendant(s), state in detail all facts upon which Defendant(s) relied in making said denial.

21.

Identify all members of, and documents generated by, Defendant(s)'s Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant(s)'s equivalents thereto, with respect to the subject incident.

22.

Identify all claims or lawsuits that have previously been brought against Defendant(s) as a result of injuries or damages alleged to have been sustained as a result of residents or invitees allegedly injuring themselves at the Property from September 1, 2020, or that date the Property was opened if after September 1, 2020, to the present.

23.

Identify all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to September 1, 2020.

24.

Did Defendant(s), their agents, representatives, employees or anyone acting on Defendant(s)'s behalf conduct an investigation of the subject incident? If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant(s)' behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

25.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to inspection, maintenance and/or repair of any aspect of the Property which were in effect on September 1, 2020.

26.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant(s)'s answer to the preceding interrogatory, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

27.

State when Defendant first anticipated the possibility of a claim or lawsuit being asserted or filed by Plaintiff, or otherwise on behalf of Plaintiff, arising out of the subject incident.

### 28.

Describe in detail how the incident, which is the subject of this Complaint, took place.

### 29.

Do you contend that you were not at fault for causing or failing to prevent the subject incident?

### 30.

If your response to the preceding interrogatory was in the affirmative, identify all facts in support of your contention.

### 31.

If you claim that you have not been properly served in this action, please state in detail the facts in support of said claim.

### 32.

Identify all facts and records that would support any contention that Plaintiff's injuries preexisted the subject incident or were not caused by the subject incident or that symptoms had been exaggerated or that treatment was unnecessary or charges improper.


## **REQUEST FOR PRODUCTION OF DOCUMENTS**

### 1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.


### 2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the Property.

3.

Please provide originals or color copies of all photographs of the Property where the incident occurred on September 1, 2020, including, but not limited to, all photographs taken of any person, place or thing involved in the incident, and any photographs of any defective sidewalk(s) or the surrounding area.

4.

Please provide copies of any statements obtained from Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses to the incident, including, but not limited to, statements from any of your employees or agents regarding the incident.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Please produce copies of all training or safety manuals in effect at the Property at the time of the subject incident, or in effect at any time during the five (5) years prior to the incident and through the present.

8.

Please produce copies of all documents reflecting inspection, maintenance or of any common areas of the Property (including, but not limited to, the defective sidewalk(s) from March 1, 2018 through and including September 1, 2020, and reflecting any inspection,

maintenance or repair of any defective sidewalks(s) at any time in 2020.

9.

Please produce copies of all documents in your possession (including, but not limited to, pleadings and discovery responses) relating to or otherwise referencing any claim or lawsuit brought against you for personal injuries allegedly sustained at the Property.

10.

Please produce copies of all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to September 1, 2020.

11.

Please produce copies of any and all documents reflecting the employees or agents working at the Property at any time on the date of the subject incident (including, but not limited to, work schedules and time sheets).

12.

Please provide copies of any and all communications between Defendant(s) or their agents or representatives, and the Plaintiff or anyone purporting to act on her behalf.

13.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant(s) produce all information and documents produced in the above-styled action in response to any and all of Defendant(s)'s Non-Party Request for Production of Documents.

14.

For all experts Defendant(s) may or will call to testify at any trial in this matter, please produce the following:

1) Any and all reports, summaries, notes, calculations and written opinions prepared by the expert, including all drafts thereof;

2) The expert's curriculum vitae;

3) All correspondence between Defendant(s)'s attorney(s) and the expert, whether by mail, fax, email, or any other means;

4) All correspondence between the expert and any other person/agency relating to the subject matter of this lawsuit and/or the expert's work regarding the same;

5) Any and all materials provided to and/or received from the expert regarding the subject matter of this lawsuit and/or the expert's work regarding the same;

6) All timesheets, invoices, billing statements and other documentation by whatever means of the expert's charges and/or compensation for his/her work on this case;

7) Any and all retainer agreements, scope(s) of work, or similar documents relating to the expert's work regarding this case;

8) Any other documents or materials prepared by, used by, or relied upon by the expert relating to the subject matter of this lawsuit and/or the expert's work regarding the same.

15.

Please produce copies of any and all insurance policies identified by you in your responses to Plaintiff's Interrogatories.

*[signature page follows]*

Page **16** of **17**

Respectfully submitted, this day 12<u>th</u> of <u>August,</u> 2022.

**THE FRY LAW FIRM**

1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

*/s/ Jeffrey G. James*

JEFFREY G. JAMES
State Bar of Georgia #860891
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
*Attorneys for Plaintiffs*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04589-S2**
8/12/2022 5:03 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  Gwinnett State Court   **County**

| For Clerk Use Only | 22-C-04589-S2 |
|---|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Pelaez, Ola

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Bevara, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| XYZ Corporation 1-3 | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Does 1-3, John | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| MB Real Estate Services, Inc. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney**  Jeffrey Glester James      **State Bar Number** 860891      **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☒ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
Spanish interpreter

Version 1.1.20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04589-S2**
**8/12/2022 5:03 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Ola Pelacz c/o 1720
Peachtree St. NW, Suite 500
Atlanta, GA 30309

**PLAINTIFF**

CIVIL ACTION
NUMBER:_____

22-C-04589-S2

VS.

Bevara, Inc. c/o Incorp Services, Inc.
9040 Roswell Road, Suite 500
Atlanta, GA 30650

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jeffrey G. James, Esq.
The Fry Law Firm
1720 Peachtree Street, NW, Ste 500
Atlanta GA 30309
404-969-1284

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20\_\_\_\_\_.
15th day of August, 2022

TIANA P. GARNER

~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04589-S2**

**8/19/2022 12:42 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**OLA PELAEZ,**

**Plaintiffs,**

**v.**

**BEVARA, INC., et al**

**Defendant,**

**CIVIL ACTION
FILE NO. 22-C-04589-S2**

### AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **BEVARA, INC.** on August 15, 2022 at 3:41 PM by serving its registered agent InCorp Services, Inc. at 9040 Roswell Road, Suite 500, Atlanta, Georgia, 30350 with:

SUMMONS; COMPLAINT; RULE 5.2 CERTIFICATION OF SERVICE; PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MB REAL ESTATE SERVICES INC.; PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BEVARA, INC. and GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM

I certify under penalty of perjury that the foregoing is true and correct.

Executed this August 18, 2022

RANDAL GEORGE
4164 Indian Trace
Lilburn, GA 30047
(404) 840-2822

NOTARY PUBLIC
Sworn to and subscribed before me
This August 18, 2022
My commission expires: ~~July 24, 2024~~
12-15-25

tflf/vc



IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2021 DEC 21  PH 4: 01

DIANA K GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:

21  C-08866-3

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ____21st____ day of _____December_____, 20__21__.

_____
Carla Brown (Dec 21, 2021 15:03 EST)

Presiding Judge
Gwinnett County State Court

Applicant:

Name     Randal Lee George

Address   4164 Indian Trace, SW

          Lilburn, GA 30047

          (404) 840-2822

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04589-S2**

**8/19/2022 12:42 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**OLA PELAEZ,**

    **Plaintiffs,**

**v.**

**MB REAL ESTATE SERVICES, INC., et al**

    **Defendants,**

**CIVIL ACTION
FILE NO. 22-C-04589-S2**

## AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **MB REAL ESTATE SERVICES, INC.** on August 16, 2022 at 11:29 AM by serving its registered agent Corporation Service Company at 2 Sun Court, Northwest, Suite 400, Norcross, Georgia 30092 with:

SUMMONS; COMPLAINT; RULE 5.2 CERTIFICATION OF SERVICE; PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MB REAL ESTATE SERVICES INC.; PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BEVARA, INC. and GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM

I certify under penalty of perjury that the foregoing is true and correct.

Executed this August 18, 2022

RANDAL GEORGE
4164 Indian Trace
Lilburn, GA 30047
(404) 840-2822

NOTARY PUBLIC
Sworn to and subscribed before me
This August 18, 2022
My commission expires: ~~July 24, 2024~~
12-15-25

tflf/vc



IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

2021 DEC 21  PH 4: 01

TIANA M GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:

21  C-08866-3

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___21st___ day of ___December___, 20_21_

_Carla Brown (Dec 21, 2021 15:03 EST)_

Presiding Judge
Gwinnett County State Court

Applicant:

Name    Randal Lee George

Address    4164 Indian Trace, SW

Lilburn, GA 30047

(404) 840-2822

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04589-S2**

**9/14/2022 2:06 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLA PELAEZ,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22-C-04589-S2** |
| | * | |
| **BEVARA, INC., MB REAL ESTATE** | * | |
| **SERVICES, INC. JOHN DOES 1-3, and** | * | |
| **XYZ CORP 1-3,** | * | |
| **Defendants.** | * | |

## ANSWER OF DEFENDANT BEVARA, INC.

COMES NOW Bevara, Inc., Defendant in the above styled civil action and answers and responds to the Plaintiff's Complaint for Damages, and for Answer, shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to all damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### THIRD DEFENSE

The occurrence complained of was caused, produced or brought about directly and proximately by the negligence of the Plaintiff and/or some other person or persons for whom this Defendant was not responsible and, on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured and damaged, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### FIFTH DEFENSE

The negligence of Plaintiff equaled or preponderated over any act or omission of this Defendant in producing and bringing about the occurrence complained of, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## **SIXTH DEFENSE**

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

1.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and can therefore neither admit nor deny same.

2.

This Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and can therefore neither admit nor deny same.

4.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and can therefore neither admit nor deny same.

5.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and can therefore neither admit nor deny same.

6.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and can therefore neither admit nor deny same.

7.

This Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and can neither admit nor deny same and therefore said allegations stand denied.

11.

This Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## **LAST DEFENSE**

Any allegation contained in the Plaintiff's Complaint, which has not herein expressly been admitted, is hereby denied.

WHEREFORE, Defendant having fully answered the Plaintiff's Complaint prays that he hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff.

This 14th day of September, 2022.

**FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
*jhardee@fainmajor.com*
*swilliamson@fainmajor.com*

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
SARAH H. WILLIAMSON
Georgia Bar No. 421096
*Counsel for Bevara, Inc.*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| OLA PELAEZ, | * | |
|       Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 22-C-04589-S2 |
| | * | |
| BEVARA, INC., MB REAL ESTATE | * | |
| SERVICES, INC. JOHN DOES 1-3, and | * | |
| XYZ CORP 1-3, | * | |
|       Defendants. | * | |

### <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Answer of Bevara, Inc.** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Jeffrey G. James
Gulliana Goehring
THE FRY LAW FIRM
1720 Peachtree St. NW, Suite 500
Atlanta, GA 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

This 14th day of September, 2022.

                                                **FAIN MAJOR & BRENNAN, P.C.**

| | |
|---|---|
| One Premier Plaza | **/s/ James W. Hardee** |
| 5605 Glenridge Drive, NE | |
| Suite 900 | JAMES W. HARDEE |
| Atlanta, GA 30342-1445 | Georgia Bar No. 324399 |
| (404) 688-6633 | SARAH H. WILLIAMSON |
| jhardee@fainmajor.com | Georgia Bar No. 421096 |
| swilliamson@fainmajor.com | *Counsel for Bevara, Inc.* |

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04589-S2**

**9/14/2022 2:06 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| OLA PELAEZ, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 22-C-04589-S2 |
| | * | |
| BEVARA, INC., MB REAL ESTATE | * | |
| SERVICES, INC. JOHN DOES 1-3, and | * | |
| XYZ CORP 1-3, | * | |
| Defendants. | * | |

## <u>DEMAND FOR JURY TRIAL</u>

COMES NOW Defendant Bevara, Inc., and herewith files its Demand for Twelve-Person Jury on all issues so triable.

This 14th day of September, 2022.

FAIN MAJOR & BRENNAN, P.C.

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
*jhardee@fainmajor.com*
*swilliamson@fainmajor.com*

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
SARAH H. WILLIAMSON
Georgia Bar No. 421096
*Counsel for Bevara, Inc.*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| OLA PELAEZ, | * | |
|        Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 22-C-04589-S2 |
| | * | |
| BEVARA, INC., MB REAL ESTATE | * | |
| SERVICES, INC. JOHN DOES 1-3, and | * | |
| XYZ CORP 1-3, | * | |
|        Defendants. | * | |

### <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Demand for Twelve Person Jury** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Jeffrey G. James
Gulliana Goehring
THE FRY LAW FIRM
1720 Peachtree St. NW, Suite 500
Atlanta, GA 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

This 14th day of September, 2022.

FAIN MAJOR & BRENNAN, P.C.

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
swilliamson@fainmajor.com

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
SARAH H. WILLIAMSON
Georgia Bar No. 421096
*Counsel for Bevara, Inc.*

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04589-S2**
**9/14/2022 2:06 PM**
TIANA P. GARNER, CLERK

LAW OFFICES

# FAIN, MAJOR & BRENNAN, P.C.

ONE PREMIER PLAZA
5605 GLENRIDGE DR., N.E., SUITE 900
ATLANTA, GEORGIA 30342-1445
—
(404) 688-6633

JAMES W. HARDEE

ALSO ADMITTED IN FLORIDA

FACSIMILE
(404) 420-1544

E-MAIL
jhardee@fainmajor.com

| | |
|---|---|
| TO: | All Judges, Clerks of Court and Counsel of Record |
| FROM: | James W. Hardee |
| RE: | Notice of Leave of Absence |
| DATE: | September 14, 2022 |

COMES NOW, James W. Hardee, and respectfully notifies all Judges before whom he has cases pending, all affecting Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.  The periods of leave during which time Applicant will be away from the practice of law are:  **November 3-14, 2022; and December 19, 2022 – January 3, 2023.**

2.  All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted,

**FAIN, MAJOR & BRENNAN, P.C.**

_____
JAMES W. HARDEE
Georgia Bar No. 324399

One Premier Plaza
5605 Glenridge Dr. N.E., Suite 900
Atlanta, GA 30342
(404) 688-6633
jhardee@fainmajor.com



EXHIBIT "A"

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| ***Ola Pelaez v Bevara, Inc. MB Real Estate Services, Inc., John Does 1-3 and XYZ Corp 1-3***<br><br>State Court of Gwinnett County<br><br>Civil Action No.:  22-C-04589-S2 | Honorable Shawn F. Bratton<br>State Court of Gwinnett County<br>P.O. Box 880<br>Lawrenceville, GA 30046 | Jeffrey G. James<br>Gulliana Goehring<br>THE FRY LAW FIRM<br>1720 Peachtree St. NW, Suite 500<br>Atlanta, GA 30309<br>jeff@thefrylawfirm.com<br>gulliana@thefrylawfirm.com |



## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties, the Clerks of Court and all presiding Judges in the foregoing matters a copy of the foregoing **Notice of Leave of Absence** electronically via Odyssey eFileGA or by placing same in the United States Mail, postage prepaid.

This 14th day of September, 2022.

**FAIN, MAJOR & BRENNAN, P.C.**


_/s/ James W. Hardee_____
JAMES W. HARDEE
Georgia Bar No. 324399

One Premier Plaza
5605 Glenridge Dr. N.E.
Suite 900
Atlanta, GA 30342
(404) 688-6633
jhardee@fainmajor.com



E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-04589-S2

9/14/2022 2:06 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLA PELAEZ,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22-C-04589-S2** |
| | * | |
| **BEVARA, INC., MB REAL ESTATE** | * | |
| **SERVICES, INC. JOHN DOES 1-3, and** | * | |
| **XYZ CORP 1-3,** | * | |
| **Defendants.** | * | |

## **DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF**

Pursuant to O.C.G.A. § 9-11-33, you are hereby required to answer the following Interrogatories, separately and fully in writing under oath, within thirty (30) days of service thereof.

You are under a duty reasonably to supplement your response to any questions directly addressed to the identity and/or location of a person having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter of which each is expected to testify, and the substance of each one's testimony.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of agents, employees, investigators or attorneys who may have obtained information in your behalf.

1.

Please state your full name, current address, date of birth and social security number.

2.

If you are married, please state your spouse's full name, the length of your marriage, whether you have previously been married, and whether you have any children.  In the event you have previously been married, please state the full name of your former spouse(s) and the reason for the termination of each previous marriage.  If you have any children, please state their full name(s) and age(s).

3.

In the event you have been charged with a criminal offense, please state the nature of each offense, the date charged, the disposition of the charge, the date of disposition and the court or courts in which the disposition of such charge or charges took place.

4.

If you were ever a plaintiff or a defendant in a lawsuit of any kind prior to or subsequent to this litigation, please provide details as to that prior lawsuit, including the names of the parties, the court in which the action was filed, the year the action was filed, and the allegations made in the lawsuit.

5.

If you have ever made any other claim for bodily injuries of any kind, against any person, firm or corporation (including any insurance company), please state the nature and date of each such claim, the name of the person, firm or corporation against whom the claim was made, and the outcome of such claim.

6.

If, prior to or subsequent to the incident complained of, you have ever suffered from a similar injury or medical condition, please fully describe such injury stating when and where such injury was sustained and whether a claim for personal injury was made by you and, if so, against whom such claim was made.

7.

If, prior to or subsequent to the incident complained of, you have suffered from any bodily injury or medical condition, please fully describe such injury, stating when and where such injury was sustained and whether a claim for personal injury was made by you and, if so, against whom such claim was made.

8.

As to any medical or other healthcare attention you have received within the twenty (20) years preceding the incident complained of in your Complaint, please state the name and address of each and every physician, surgeon or practitioner of any healing art who has treated you, the date of each visit to said physician, surgeon or practitioner of any healing art or, if such date is not known, the date of the first visit and the approximate number of subsequent visits for related injuries or illnesses, and the reason for such examination or treatment.

9.

As to any medical or other healthcare treatment that you have received for any injuries for which recovery is sought in the within lawsuit, please state the name and address of each and every physician, surgeon or practitioner of any healing art who has treated you, the dates of treatment with said physician, surgeon or practitioner of any healing art and the approximate number of visits for related injuries or illnesses, and the reason for such examination or treatment.

10.

If you have been hospitalized at any time **prior to** the incident complained of, please state the name and address of each hospital, the date(s) of any treatment received in said hospital, the nature of the treatment rendered in each such hospital and the name and address of your attending physician.

11.

If you have been hospitalized at any time **subsequent to** the incident complained of, please state the name and address of each hospital, the date(s) of any treatment received in said hospital, the nature of the treatment rendered in each such hospital and the name and address of your attending physician.

12.

If, to your knowledge, information or belief any of the physicians, surgeons, practitioners of any healing art or hospitals referred to above, made any reports, statements or bills concerning your medical condition, please describe each such report, statement or bill, giving as to each the title or description thereof, and the date and name of the person making such report, statement or bill.

13.

Please state in detail your activities during the twenty-four (24) hour period immediately preceding the incident complained of in this action.

14.

Please state whether you consumed any alcohol, or any prescription or nonprescription medications or drugs during the twenty-four (24) hour period immediately preceding the incident complained of in this action.

15.

Please state the date, approximate time and exact location of the incident complained of in your Complaint occurred.

16.

Please diagram by drawing or words the exact location of the occurrence of the incident complained of in this action.

17.

Please describe in detail what you were doing at the time of the occurrence of the incident complained of in this action.

18.

Please state in detail how you contend the incident complained of in this action occurred.

19.

Please describe in detail every act or omission on the part of this Defendant which you contend caused, contributed to or brought about the incident complained of in your Complaint.

20.

State the name, address and employer of any person, including any party who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action,

has some knowledge of any fact or circumstance upon which your allegations of negligence, causation and damages are based, and your relationship to any such person.

21.

Please describe each and every statement or report which to your knowledge, information or belief has been made by any person named in answer to the preceding interrogatory, giving as to each the date, the subject matter, the parties present when made and the form (whether oral, written, recorded, etc.).

22.

If there are any photographs, drawings or other graphic representations of the scene of the incident complained of in this action, any instrumentality alleged to have caused the alleged damages, or of your alleged injury, please fully describe each such photograph, drawing or graphic representation, giving as to each the date and by whom it was made, the subject matter represented and the form (whether photographic print, transparency, diagram, plat, etc.).

23.

Please fully describe each and every documentary or other tangible evidence which you contend supports your allegations of negligence, causation or damage, stating as to each item the nature, form and the subject or contents, and the name and address of the person having custody of each such item.

24.

List each and every element of damages you contend you are entitled to recover.

25.

Itemize all expenses and special damages which you claim resulted from the incident complained of, including, but not limited to, medical and hospital expenses and loss of earnings.

26.

If you received any injuries as a result of the incident which is the subject matter of the above-captioned lawsuit, please describe fully each injury and state when you first became aware of the injury, indicating the date and hour.

27.

State the name and address of every physician, surgeon, or practitioner of any healing art who has examined or treated you (or who has been consulted with by you or your attorney), for any complaint which you contend resulted from the incident complained of in your Complaint,

stating the date of your first and last visit to each such person and the approximate total number of visits to each such person.

28.

State the name and address of your employer(s), if any, on the date of the incident complained of, the length of your employment with said employer(s), your total salary, commissions or other compensation, the services and duties you were required to perform, and the place(s) where you worked or performed those services and duties.

29.

If you have missed any work as a result of injuries received in this incident, please state the date(s) you were absent, the total number of hours lost and the total compensation received for same from any source whatsoever.

30.

If there is any activity which you could engage in before the incident complained of, but which as a result of the injuries received in the incident you cannot engage in now, please give a description of the activity and in what way you are now restricted from participating in same and state whether you will be able to engage in the activity in the future, and, if so, when.

31.

Please state whether you are eligible to receive or have received any benefits or payments from any collateral sources reimbursing you in full or in part for any medical, hospital, or other expense or loss including loss of wages incurred as a result of the incident complained of in your Complaint including, but not limited to, workers' compensation or other benefits, whether paid by an insurance company, voluntarily paid by your employer, or others, giving full details as to each such benefit, including the name and address of the person, organization, governmental agency or insurance company making or responsible for each such payment, the policy and claim number of any insurance company involved, the aggregate limits of coverage, the total amount paid or payable, the weeks for which any lost income payment has been made or is payable, and the State claim number of any applicable workers' compensation claim; the cost to you for receiving such benefits and the extent to which such benefits will apply to any future special damages (e.g. the limits of any applicable insurance policies, the availability of workers' compensation benefits in the future, any applicable wage continuation plans, etc.).

32.

Are you required to repay any of the benefits referred to above or do any of the providers of such benefits claim a right of subrogation?  If so, please explain in detail.

33.

State the name, address and telephone number of each and every expert whom you expect to call as a witness at the trial of the case and with regard to such witness state the subject matter and substance of the facts and opinions upon which the expert is expected to testify, and a summary of the grounds for each opinion.

34.

State the name, address and telephone number of each and every expert whom you or your attorney have employed as an expert in the case and whom you do not expect to call as a witness and state with regard to each expert the facts and opinions held by such expert.

35.

At the time of the subject incident or at any point subsequent to this incident, were you eligible to receive Medicare or Medicaid benefits and, if so, please state:

(a)      Whether Medicare or Medicaid has paid any such benefits to you or on your behalf;

(b)      Whether Medicare or Medicaid has informed you that they are seeking subrogation or any other type of reimbursement benefits paid to you or on your behalf;

(c)      Whether you have made any agreements with Medicare or Medicaid to repay any such amounts sought by Medicare or Medicaid;

(d)      Your Medicare health insurer number, if available; and

(e)      The name, address, and tax payer identification number of all Plaintiff's  attorneys affiliated with your representation in this matter.

This 14th day of September, 2022.

**FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
*jhardee@fainmajor.com*
*swilliamson@fainmajor.com*

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
SARAH H. WILLIAMSON
Georgia Bar No. 421096
*Counsel for Bevara, Inc.*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| OLA PELAEZ, | * | |
|         Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 22-C-04589-S2 |
| | * | |
| BEVARA, INC., MB REAL ESTATE | * | |
| SERVICES, INC. JOHN DOES 1-3, and | * | |
| XYZ CORP 1-3, | * | |
|         Defendants. | * | |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Defendant's First Interrogatories to Plaintiff** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Jeffrey G. James
Gulliana Goehring
THE FRY LAW FIRM
1720 Peachtree St. NW, Suite 500
Atlanta, GA 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

This 14th day of September, 2022.

                                       **FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE          */s/ James W. Hardee*
Suite 900                           JAMES W. HARDEE
Atlanta, GA 30342-1445        Georgia Bar No. 324399
(404) 688-6633                SARAH H. WILLIAMSON
jhardee@fainmajor.com         Georgia Bar No. 421096
swilliamson@fainmajor.com     *Counsel for Bevara, Inc.*

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04589-S2**

**9/14/2022 2:06 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLA PELAEZ,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22-C-04589-S2** |
| | * | |
| **BEVARA, INC., MB REAL ESTATE** | * | |
| **SERVICES, INC. JOHN DOES 1-3, and** | * | |
| **XYZ CORP 1-3,** | * | |
| **Defendants.** | * | |

## DEFENDANT'S FIRST REQUEST FOR

## PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW Defendant and files this Request for Production of Documents pursuant to O.C.G.A. § 9-11-34(a), and requires Plaintiff to comply with said Code Section as follows by producing and permitting counsel for Defendant to inspect and copy each of the following documents:

1.

Please produce each and every statement, report or writing of any kind prepared by any individual(s) who was an eyewitness to the incident complained of in this action.

2.

Please produce each and every statement, report or writing of any kind prepared by any individual(s) who has some knowledge of any fact or circumstance upon which your allegations of negligence, causation and/or damages are based.

3.

Please produce each and every photograph, drawing, diagram, map or graphic representation of the scene of the incident complained of in this action.

4.

Please produce each and every photograph, drawing, diagram, or graphic representation of any instrumentality alleged to have caused the alleged damages.

5.

Please produce each and every photograph, drawing, diagram, or graphic representation of your alleged injury.

6.

Please produce each and every documentary or other tangible evidence which you contend supports your allegations of negligence, causation and/or damages.

7.

Please produce any and all hospitalization records and reports, including billing statements of any kind, in your possession from any hospitalizations or hospital visits occurring at any time prior or subsequent to the subject incident underlying the Complaint in this matter.

8.

Please produce any and all medical records and reports, including billing statements of any kind, from each and every hospital, physician, surgeon or practitioner of the healing art, generated or prepared as a result of any type of treatment rendered to you allegedly as a result of the subject incident underlying the Complaint in this matter.

9.

If you claim loss of any wages or income, please produce all of your federal income tax returns for the five (5) years immediately preceding the date of your response to this Request.

10.

Please produce a true and complete copy of any and all written reports rendered to you from each and every expert witness, including treating physicians, who are expected to testify in any respect at trial concerning your allegations of negligence, causation and/or damages in this matter.

11.

Please produce a complete and true copy of any and all written reports rendered to you by each and every expert witness, including treating physicians, in any manner consulted by you with respect to your allegations of negligence, causation and/or damages in this matter, whether or not such expert witness(es) is expected to testify at trial.

12.

Produce any and all documents, including but not limited to, correspondence to and from Medicare and/or Centers for Medicare and Medicaid Services (CMS) and/or Medicare Secondary Payer Recovery Contractor (MSPRC) which in any way reference your request for benefits, your receipt of benefits, and/or your denial of benefits at any time, including benefits made in relation to injuries allegedly sustained as a result of the subject incident.

This 14th day of September, 2022.


                                         **FAIN MAJOR & BRENNAN, P.C.**


One Premier Plaza                        */s/ James W. Hardee*
5605 Glenridge Drive, NE                 _____
Suite 900                                JAMES W. HARDEE
Atlanta, GA 30342-1445                   Georgia Bar No. 324399
(404) 688-6633                           SARAH H. WILLIAMSON
*jhardee@fainmajor.com*                  Georgia Bar No. 421096
*swilliamson@fainmajor.com*              *Counsel for Bevara, Inc.*

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| OLA PELAEZ, | * | |
|       Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 22-C-04589-S2 |
| | * | |
| BEVARA, INC., MB REAL ESTATE | * | |
| SERVICES, INC. JOHN DOES 1-3, and | * | |
| XYZ CORP 1-3, | * | |
|       Defendants. | * | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Defendant's First Request for Production of Documents to Plaintiff** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Jeffrey G. James
Gulliana Goehring
THE FRY LAW FIRM
1720 Peachtree St. NW, Suite 500
Atlanta, GA 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

This 14th day of September, 2022.

**FAIN MAJOR & BRENNAN, P.C.**

*/s/ James W. Hardee*
                                                   
JAMES W. HARDEE
Georgia Bar No. 324399
SARAH H. WILLIAMSON
Georgia Bar No. 421096
*Counsel for Bevara, Inc.*

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
swilliamson@fainmajor.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04589-S2**
**9/14/2022 2:06 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLA PELAEZ,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22-C-04589-S2** |
| | * | |
| **BEVARA, INC., MB REAL ESTATE** | * | |
| **SERVICES, INC. JOHN DOES 1-3, and** | * | |
| **XYZ CORP 1-3,** | * | |
| **Defendants.** | * | |

## <u>RULE 5.2 CERTIFICATE OF SERVICE</u>

Pursuant to Uniform State Court Rule 5.2, I certify that I have this day served upon counsel of record in the foregoing matter with a true and correct copy of **Defendant Bevara, Inc.'s First Interrogatories and Request for Production of Documents to Plaintiff and Response to Plaintiff's Request for Admissions** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States mail, with proper postage affixed thereto, addressed as follows:

Jeffrey G. James
Gulliana Goehring
THE FRY LAW FIRM
1720 Peachtree St. NW, Suite 500
Atlanta, GA 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

This 14th day of September, 2022.

               **FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
swilliamson@fainmajor.com

               ***/s/ James W. Hardee***

               JAMES W. HARDEE
               Georgia Bar No. 324399
               SARAH H. WILLIAMSON
               Georgia Bar No. 421096
               *Counsel for Bevara, Inc.*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04589-S2**
**8/12/2022 5:03 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

OLA PELAEZ

                                      Plaintiff,

vs.

BEVARA, INC., MB REAL ESTATE
SERVICES, INC., JOHN DOES 1-3, AND
XYZ CORPORATION 1-3

                                   Defendants.

CIVIL ACTION FILE
NO. _____
      22-C-04589-S2

### RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant Bevara, Inc. and Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to MB Real Estate Services, Inc. Company to be personally served on the following parties with the Summons and Complaint:

|  |  |
|---|---|
| **Bevara, Inc.**<br>*Defendant*<br>c/o Incorp Services, Inc., registered agent<br>9040 Roswell Road,<br>Suite 500,<br>Atlanta, Georgia 30050 | **MB Real Estate Services, Inc.**,<br>*Defendant*<br>c/o Corporation Service Company,<br>registered agent<br>2 Sun Court,<br>Suite 400,<br>Peachtree Corners, Georgia 30092 |

Respectfully submitted this 12th day of August, 2022.

                                          **THE FRY LAW FIRM**

                                          */s/ Jeffrey G. James*

1720 Peachtree Street, NW                 JEFFREY G. JAMES
Suite 500                                  State Bar of Georgia #860891
Atlanta, Georgia 30309                   GULLIANA GOEHRING
(404) 969-1284                             State Bar of Georgia No.: 384447
(404) 969-1285 fax                       *Attorneys for Plaintiffs*
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com

1

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

OLA PELAEZ,                )
                                 )
      Plaintiff,        )
                                 )
v.                          )   CIVIL ACTION
                                 )   FILE NO.: 22-C-04589-S2
BEVARA, INC., MB REAL ESTATE    )
SERVICES, INC., JOHN DOES 1-3, AND   )
XYZ CORPORATION 1-3          )
                                 )
      Defendants.      )
_____)

### DEFENDANT MB REAL ESTATE SERVICES, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW**, MB Real Estate Services, Inc. ("Defendant" or "MB") Defendant in the above-styled action, and files this its Answer and Affirmative Defenses respectfully showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant MB is not liable to Plaintiff because Defendant MB breached no duties owed to Plaintiff with regard to the alleged incident giving rise to this Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant MB is not liable to Plaintiff with regard to the subject alleged incident because, at all times pertinent to the Complaint, Defendant MB exercised due care under the circumstances and was not negligent.

## FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by Plaintiff in her Complaint were not proximately caused by any negligence on the part of Defendant MB, nor were such injuries and damages proximately caused by any entity or person for whose actions Defendant MB is legally liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendant MB in this action because Plaintiff, through the exercise of ordinary care, could have avoided the consequences of any alleged act, or alleged failure to act, by Defendant MB or Defendant MB's agents.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendant MB in this action because Plaintiff had equal or greater knowledge of the hazard which allegedly contributed to her alleged injuries and damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendant MB in this action because Plaintiff assumed all risks associated with her alleged injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE

The medical expenses alleged as damages in Plaintiff's Complaint include expenses which are neither reasonable, necessary, nor related.

## NINTH AFFIRMATIVE DEFENSE

Defendant MB is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

## TENTH AFFIRMATIVE DEFENSE

If the evidence shows that Plaintiff was negligent in bringing about her alleged injuries and damages and said negligence was equal to or greater than any negligence found on behalf of Defendant MB or its agents, then Plaintiff is not entitled to damages in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

If the evidence shows that Plaintiff was comparatively negligent in bringing about her alleged injuries and damages, but said negligence was less than any negligence found on behalf of Defendant MB or its agents, then any award of damages to Plaintiff should be reduced by the extent of Plaintiff's own negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's contributory negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged hazard is open and obvious.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused by the acts of others, and damages should be apportioned accordingly.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant MB has acted in good faith, not been stubbornly litigious, and has not caused Plaintiff unnecessary trouble or expense. As a result, Plaintiff is not entitled to attorneys' fees under any theory of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant MB incorporates herein by reference all other affirmative defenses set forth in O.C.G.A. §9-11-8(c) to the extent same may be found applicable through discovery or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant MB responds to the specifically enumerated paragraphs of Plaintiff's Complaint as follows:

### ANSWER

1.

Defendant MB admits the allegations of Paragraph 1 of Plaintiff's Complaint.

2.

Defendant MB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3.

Defendant MB admits the allegations of Paragraph 3 of Plaintiff's Complaint.  By so admitting, Defendant MB does not admit that this Court is the only Court with personal jurisdiction.

4.

Paragraph 4 of Plaintiff's Complaint appears to be a legal statement to which no response is required. To the extent a response is required, Defendant MB denies the allegations of Paragraph 4 of Plaintiff's Complaint

5.

If Plaintiff was present on the Property on said date, Defendant MB admits that Plaintiff was a licensee.  Defendant MB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.

Defendant MB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7.

Defendant MB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8.

Defendant MB admits that it managed the property located at 1800 10th Avenue, Columbus, Georgia 31901 on September 1, 2020. Defendant MB denies all remaining allegations of Paragraph 8 of Plaintiff's Complaint not expressly admitted herein.

9.

Paragraph 9 of Plaintiff's Complaint appears to be a legal statement to which no response is required. To the extent a response is required, Defendant MB responds it is without knowledge or information sufficient to form a belief as to the truth of the allegations of whether Plaintiff was an invitee, and therefore denies the same.

10.

Defendant MB denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11.

Defendant MB denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12.

Paragraph 12 of Plaintiff's Complaint appears to be a legal statement to which no response is required. To the extent a response is required, Defendant MB responds it is without

knowledge or information sufficient to form a belief as to the truth of the allegations of whether Plaintiff was an invitee, and therefore denies the same.

13.

Defendant MB denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14.

Defendant MB denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15.

Defendant MB denies the allegations of Paragraph 15 of Plaintiff's Complaint.

16.

Defendant MB denies the allegations of Paragraph 16 of Plaintiff's Complaint.

17.

Defendant MB denies the allegations of Paragraph 17 of Plaintiff's Complaint.

18.

Defendant MB denies the allegations of Paragraph 18 of Plaintiff's Complaint.

19.

Defendant MB denies any allegations in Plaintiff's Complaint which have not been expressly admitted herein, including all allegations of any and all WHEREFORE clauses of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant MB Real Estate Services, Inc. respectfully requests that the following relief be granted:

a)    That Plaintiff's Complaint be dismissed with prejudice;

b)    That Defendant be granted a jury trial of twelve;

- 6 -

c)      That Defendant be awarded its reasonable attorney's fees and costs incurred in

asserting its rights through this action; and,

d)      That Defendant be awarded such other and further relief as this Court deems

just and proper.

This ____15th____ day of September, 2022.

Respectfully submitted,

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ John M. McCall*
Rebecca E. Strickland, Esq.
Georgia Bar No. 358183
John M. McCall, Esq.
Georgia Bar No. 778954
*Attorneys for Defendant MB Real Estate Services, Inc.*

The Peachtree – Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com
jack.mccall@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed **DEFENDANT MB REAL ESTATE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** upon all parties to this matter by e-filing same using the Odyssey E-FileGA System which will automatically send e-mail notification of said filing to the following attorneys of record:

Jeffrey G. James, Esq.
Gulliana Goehring, Esq.
The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com
*Attorneys for Plaintiff*

Jim W. Hardee, Esq.
Fain, Major & Brennan, P.C.
5605 Glenridge Drive NE Suite 900
Atlanta, Georgia 30342
jhardee@fainmajor.com
*Attorney for Defendant Bevara, Inc.*

This ___15th___ day of September, 2022.

Respectfully submitted,

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ John M. McCall*
Rebecca E. Strickland, Esq.
Georgia Bar No. 358183
John M. McCall, Esq.
Georgia Bar No. 778954
*Attorneys for Defendant MB Real Estate Services, Inc.*

The Peachtree – Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com
jack.mccall@swiftcurrie.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| OLA PELAEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    FILE NO.: 22-C-04589-S2 |
| BEVARA, INC., MB REAL ESTATE | ) |
| SERVICES, INC., JOHN DOES 1-3, AND | ) |
| XYZ CORPORATION 1-3 | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## <u>DEFENDANT MB REAL ESTATE SERVICES, INC.'S</u>
## <u>NOTICE OF FILING REMOVAL</u>

TO:    Jeffrey G. James, Esq.
        Gulliana Goehring, Esq.
        The Fry Law Firm
        1720 Peachtree Street, NW
        Suite 500
        Atlanta, Georgia 30309
        jeff@thefrylawfirm.com
        gulliana@thefrylawfirm.com
        *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that Defendant MB Real Estate Services, Inc. has on

September 15, 2022, filed its Notice of Removal, a copy of which is attached hereto as Exhibit 1,

in the Office of the Clerk of the United States District Court for the Northern District of Georgia,

Atlanta Division.

This 15th day of September, 2022.

                    SWIFT CURRIE MCGHEE & HIERS, LLP

                    */s/ Rebecca E. Strickland*
                    Rebecca E. Strickland, Esq.
                    Georgia Bar No. 358183
                    John M. McCall, Esq.
                    Georgia Bar No. 778954
                    *Attorneys for MB Real Estate Services, Inc.*

The Peachtree – Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com
jack.mccall@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing **MB REAL ESTATE SERVICES, INC.'S NOTICE OF FILING REMOVAL** upon all parties to this matter by e-filing same using the Odyssey E-FileGA System which will automatically send e-mail notification of said filing to the following attorneys of record:

Jeffrey G. James, Esq.
Gulliana Goehring, Esq.
The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com
*Attorneys for Plaintiff*

Jim W. Hardee, Esq.
Fain, Major & Brennan, P.C.
5605 Glenridge Drive NE Suite 900
Atlanta, Georgia 30342
jhardee@fainmajor.com
*Attorney for Defendant Bevara, Inc.*

This <u>15th</u> day of September, 2022.

Respectfully submitted,

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Rebecca E. Strickland*
Rebecca E. Strickland, Esq.
Georgia Bar No. 358183
John M. McCall, Esq.
Georgia Bar No. 778954
*Attorneys for MB Real Estate Services, Inc.*

The Peachtree – Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com
jack.mccall@swiftcurrie.com

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| OLA PELAEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO.: |
| | ) |
| BEVARA, INC., MB REAL ESTATE | ) [On Removal from the State Court |
| SERVICES, INC., | ) of Gwinnett County, Civil Action |
| | ) File No.: 22-C-04589-S2] |
| Defendants. | ) |
| | ) |

**NOTICE OF REMOVAL**

COMES NOW, Defendant MB Real Estate Services, Inc. ("MB"), Defendant in the above-styled proceeding, and within the time prescribed by law, files this Notice of Removal, respectfully showing the Court the following:

1.

Plaintiff filed suit in the State Court of Gwinnett County, which is a county within the Atlanta Division of this Court. This suit is styled as above and numbered Civil Action File Number 22-C-04589-S2 in the State Court of Gwinnett County.

2.

This suit arises out of an allegation that Plaintiff was injured in a slip and fall accident. Plaintiff asserted claims against named Defendants Bevara, Inc. and MB Real Estate Services, Inc. for negligence and attorney's fees.

3.

In a pre-suit demand letter and a demand letter sent shortly after suit was filed, Plaintiff asserted that her claim was worth in excess of $75,000. (Declaration of John McCall, attached hereto as Exhibit B, at ¶ 3-5).

4.

Upon information and belief, Plaintiff is a resident of Georgia and is not a resident of Delaware, Wisconsin, or Illinois.

5.

Defendant Bevara, Inc. is a foreign corporation organized under the laws of the State of Delaware and with its principal place of business in the State of Wisconsin. (*See* Complaint at ¶ 2).

6.

Defendant MB Real Estate Services, Inc. is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in the State of Illinois.

7.

Neither named defendant was a resident of the State at the time of the subject incident, nor were either named defendant a citizen of the State of Georgia on or after the date of filing of the aforesaid civil action.

8.

Defendant Bevara, Inc. consents to the removal of this action to Federal Court. (*See* Consent to Removal, attached as Exhibit C hereto.)

9.

Complete diversity exists between the Parties in accordance with 28 U.S.C. § 1332. (*See* Complaint).

10.

As shown above, based upon Plaintiff's demand letters, the amount in controversy exceeds the sum of $75,000, exclusive of interest.

11.

The aforementioned civil action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332, and, accordingly, is one which may be removed to this Court by Defendants pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of

$75,000.00 exclusive of interest and costs and is between Plaintiff, who is a citizen of Georgia; Defendant Bevara, Inc, which is alleged to be organized under the laws of Delaware with its principal place of business in Wisconsin; and Defendant MB Real Estate Services, Inc. which is alleged to be organized under the laws of Delaware with its principal place of business in Illinois.

12.

Defendant MB Real Estate Services, Inc. shows that said suit was instituted on August 12, 2022.  Defendant MB Real Estate Services, Inc. shows that it was served on August 16, 2022. Bevera, Inc. was served on August 15, 2022. Defendant MB Real Estate Services, Inc. shows that this notice of removal is filed within 30 days from the date of service of said suit on it.

13.

Attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon it in this case prior to the date of this Notice of Removal.

14.

Defendant MB Real Estate Services, Inc. has given written notice of the filing of this Notice of Removal to Plaintiff by notifying her attorneys of record, Jeffrey G. James, Esq. and Gulliana Goehring of The Fry Law Firm, 1720 Peachtree Street NW, Suite 500, Atlanta, Georgia 30309. Defendant MB Real

Estate Services, Inc. also filed a written notice with the clerk of the State Court of Gwinnett County, a copy of said notice being attached hereto and made a part hereof.

WHEREFORE, Defendant MB Real Estate Services, Inc. prays that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This <u>15th</u> day of September, 2022.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Rebecca E. Strickland*
Rebecca E. Strickland, Esq.
Georgia Bar No. 358183
John M. McCall, Esq.
Georgia Bar No. 778954
*Attorneys for Defendant MB Real Estate Services, Inc.*

1355 Peachtree St., N.E.
Suite 300
Atlanta, GA 30309-3238
Tel: (404) 874-8800
Rebecca.strickland@swiftcurrie.com
jack.mccall@swiftcurrie.com

## <u>LOCAL RULE 5.1(C) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

Respectfully submitted, this <u>15</u><sup>th</sup> day of September, 2022.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Rebecca E. Strickland*
Rebecca E. Strickland Esq.
Georgia Bar No. 331302
John M. McCall, Esq.
Georgia Bar No. 778954
*Attorneys for Defendant MB Real Estate*
*Services, Inc.*

1355 Peachtree St., N.E.
Suite 300
Atlanta, GA 30309-3238
Tel:  (404) 874-8800
Rebecca.strickland@swiftcurrie.com
jack.mccall@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** via the CM/ECF System which will automatically send email notification of said filing to the following attorneys of record:

Jeffrey G. James, Esq.
Gulliana Goehring, Esq.
The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
jeff@thefrylawfirm.com
gulliana@thefrylawfirm.com
*Attorneys for Plaintiff*

Jim W. Hardee, Esq.
Fain, Major & Brennan, P.C.
5605 Glenridge Drive NE Suite 900
Atlanta, Georgia 30342
jhardee@fainmajor.com
*Attorney for Defendant Bevara, Inc.*

This 15th day of September, 2022.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Rebecca E. Strickland*
Rebecca E. Strickland, Esq.
Georgia Bar No. 358183
John M. McCall, Esq.
Georgia Bar No. 778954
*Attorneys for Defendant MB Real Estate Services, Inc.*

1355 Peachtree St., N.E.
Suite 300
Atlanta, GA 30309-3238
Tel:  (404) 874-8800
Rebecca.strickland@swiftcurrie.com
jack.mccall@swiftcurrie.com
4889-2654-2384, v. 1